## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2018, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Joseph Clinard
Greenwood, Indiana

ATTORNEY FOR APPELLEE

J. Dustin Smith
Manley Deas Kochalski LLC
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Clinard,<br>*Appellant-Defendant,*<br><br>v.<br><br>Visio Financial Services, Inc.,<br>*Appellee-Plaintiff.* | May 23, 2018<br><br>Court of Appeals Case No.<br>41A01-1707-MF-1552<br><br>Appeal from the Johnson Superior Court<br><br>The Honorable Marla Clark, Judge<br><br>Trial Court Cause No.<br>41D04-1312-MF-546 |

**Robb, Judge.**

## Case Summary and Issues

Joseph Clinard, pro se, appeals from the trial court's order granting Visio Financial Services, Inc.'s ("Visio Financial") motion for summary judgment and denying his motion to dismiss and motion to strike. Clinard now appeals, raising three issues for our review, which we consolidate and restate as: 1) whether the trial court abused its discretion in denying his motion to strike; and 2) whether the trial court erred in granting summary judgment in favor of Visio Financial. Concluding the trial court did not abuse its discretion or err in its rulings, we affirm.

## Facts and Procedural History

In March of 2013, the property which is the subject of this appeal, 793 Sable Creek Lane, Greenwood, Indiana, was owned by the Department of Veterans Affairs. In order to purchase the property, Clinard and his wife, Crystal, completed a Uniform Residential Loan Application and, based on this application, the Clinards were approved for a land installment sale wherein Visio Financial agreed to acquire title to the property and then sell the property to Clinard on contract. Due to restrictions on purchasing eligibility, Visio Financial was unable to buy the property directly from the Department of Veterans Affairs.

Visio Financial then agreed to loan the Clinards a majority of the funds needed to acquire title from the Department of Veterans Affairs in exchange for the

Clinards' agreement to execute a promissory note, installment agreement, memorandum of land contract, and all related deeds, including transferring title of the property to Visio Financial.

[4] In early June of 2013, Clinard and his wife signed the installment agreement and a promissory note obligating the Clinards to repay Visio Financial $85,897.00 plus interest at a rate of eighteen percent per annum. On June 14, 2013, the Secretary of Veterans Affairs signed a special warranty deed transferring title of the property to the Clinards. *See* Appellee's Appendix, Volume 2 at 61-63. That same day, the Clinards executed a general warranty deed transferring title of the property to Visio Financial.[1] *Id.* at 64-65.

[5] Following the closing, the Clinards failed to make a single payment in accordance with the promissory note and installment agreement. *Id.* at 38. In December of 2013, Visio Financial filed their Complaint on Promissory Note and to Foreclose Land Installment Contract against the Clinards. The complaint also included as defendants Paul Templeton, Bryan Bush, and Solutions Staffing Company, Inc., all of whom held judgment liens against the Clinards. Visio Financial filed its Motion for Summary Judgment and Decree of Foreclosure in October of 2014. Thereafter, Visio Financial withdrew its motion after learning the Clinards intended to file for bankruptcy. On February 2, 2015, Visio Financial informed the trial court the Clinards filed a petition for

---

[1] The general warranty deed was signed on May 31, 2013, but includes the written notation, "but effective 6/14/13." *See* Appellee's Appendix at 65.

bankruptcy under Chapter 13 of the United States Bankruptcy Code and that pursuant to the code, an automatic stay of proceedings had been imposed.

[6] While his bankruptcy petition was pending, Clinard filed four unsuccessful motions to dismiss with the trial court.[2] On November 14, 2016, Visio Financial informed the trial court Clinard's bankruptcy petition was dismissed.[3] On April 27, 2017, Visio Financial filed its Motion for Entry of Default Judgment and Decree of Foreclosure[4] and its Motion for Summary Judgment and Designation of Evidence. Clinard responded by filing his own motion for summary judgment, a motion in opposition to Visio Financial's motion for summary judgment, a motion to strike, and a motion to reconsider his motion to dismiss.

[7] On June 7, 2017, the trial court granted Visio Financial's motion for default judgment against Paul Templeton, Bryan Bush, and Solutions Staffing Company, Inc., and ordered that "[t]he liens, claims, and interests of the [sic] Paul Templeton, Bryan Bush and Solutions Staffing Company, Inc. are inferior and subordinate to that of [Visio Financial]." Appellant's Appendix, Volume 2 at 163-65. On June 27, 2017, the trial court entered its order granting Visio

---

[2] Clinard has filed a total of six motions to dismiss.

[3] Clinard filed another bankruptcy petition on October 5, 2016. The United States Bankruptcy Court for the Southern District of Indiana dismissed his petition on December 7, 2016.

[4] As to Paul Templeton, Bryan Bush, and Solutions Staffing Company, Inc., the motion only requested the trial court find Visio Financial's lien to "be foreclosed as a first and prior lien on the subject property . . . ." Appellee's App., Vol. 2 at 31.

Financial's motion for summary judgment and denying Clinard's motion to dismiss, motion to reconsider motion to dismiss, and motion to strike. The trial court's order entered judgment against the Clinards in the amount of $157,487.09. *See* Appellee's App., Vol. 2 at 117-21. Clinard now appeals.

# Discussion and Decision

## I. Clinard's Motion to Strike

We review a trial court's denial of a motion to strike for an abuse of discretion. *Lanni v. Nat'l Collegiate Athletic Ass'n*, 989 N.E.2d 791, 797 (Ind. Ct. App. 2013). A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 798.

Clinard filed his motion to strike on May 9, 2017. In his motion, he alleged the trial court should strike Visio Financial's Motion for Summary Judgment and Decree of Foreclosure, Motion for Default Judgment and Decree of Foreclosure, Memorandum in Support of Summary Judgment, and the Designation of Materials from the record. The basis of Clinard's argument is these documents were signed by Attorney Elyssa Meade, who was not an attorney of record in the case. Clinard cites to Johnson County Local Rule LR41-TR5-147(A) in support of his argument. Johnson County Local Rule 147(A) states, in relevant part,

> No pleading, motion, or other paper specified in Indiana Trial
> Rule 5, will be accepted for filing unless such pleading, motion,
> or other paper has been signed in accordance with Indiana Trial

Rule 11 by the attorney of record or a self-represented party. If it is later discovered that a nonconforming pleading or motion has inadvertently been filed the pleading, motion, or paper may be stricken from the record.

[10]   The trial court did not abuse its discretion in denying Clinard's motion to strike. Throughout this litigation, Visio Financial has been represented by the law firm Manley Deas Kochalski, LLC, and Attorney Meade is a member of that law firm. Although Clinard is correct Attorney Meade failed to file an appearance form before filing the motions, the local rule states the trial court "may" strike the motion from the record, but is not required to do so. The trial court's denial of Clinard's motion to strike was not clearly against the logic and effect of the facts and circumstances before the court.

## II.  Summary Judgment

[11]   Clinard also contends the trial court erred in granting summary judgment in favor of Visio Financial. Specifically, Clinard argues genuine issues of material fact still exist as to whether a mortgage existed, and claims the trial court entered conflicting rulings on this point, and that Visio Financial breached multiple statutes relating to mortgage lending.

[12]   We review a trial court's grant of summary judgment de novo. *Broad Ripple Prop. Grp., LLC v. City of Indianapolis*, 87 N.E.3d 1112, 1116 (Ind. Ct. App. 2017). Summary judgment is appropriate where the designated evidence establishes that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C).

[13] Clinard first alleges genuine issues of material fact exist as to whether the loan from Visio Financial was a mortgage, and that if the loan is a mortgage, Visio Financial was subject to further regulatory burdens under Indiana law. *See* Appellant's Brief at 10. In support of his argument, Clinard relies solely on the trial court's order granting default judgment in which the court referred to the loan as a mortgage. *See* Appellant's App., Vol. 2 at 163-65 (default judgment order referring to the loan as a "mortgage"). Clinard contends the trial court's default judgment order conflicts with its order granting summary judgment and, therefore, a genuine issue of material fact exists. *Id.* at 167-71 (summary judgment order referring to loan as an "installment agreement").

[14] In *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641 (1973), our supreme court stated that in a typical land contract,

> the vendor retains legal title until the total contract price is paid by the vendee. Payments are generally made in periodic installments. Legal title does not vest in the vendee until the contract terms are satisfied, but equitable title vests in the vendee at the time the contract is consummated. When the parties enter into the contract, all incidents of ownership accrue to the vendee.

*Id.* at 234, 301 N.E.2d at 646.[5]  This is precisely the situation contemplated by Clinard and Visio Financial in their agreement.  Visio Financial agreed to fund the Clinards' purchase of the home in exchange for the Clinards' agreement to sign a promissory note, installment agreement, and execute a deed transferring title of the property to Visio Financial.  The installment agreement and promissory note required the Clinards to pay a total of $85,897.00 in twelve monthly installments and one final balloon payment.  *See* Appellee's App., Vol. 2 at 9.  Further, the installment agreement states,

> [The Clinards] will pay the down payment amount and deliver the promissory note for the remainder of the Total Purchase Price due under paragraph 2, Purchase Price, to [Visio Financial] upon execution of this Agreement.  Subject to the terms and conditions of this Agreement, and subject to [the Clinards'] payment in full of the Promissory Note and all amounts due hereunder, Closing will occur on the date that [Visio Financial] deposits the Deed into the US Mail for delivery to [the Clinards] or for recording . . . .

Appellee's App., Vol. 2 at 49.[6]

---

[5] Additionally, Indiana Code section 24-9-2-9.5 defines a "land contract" as a contract "for the sale of real estate in which the seller of the real estate retains legal title to the real estate until the total contract price is paid by the buyer."

[6] We recognize that a land contract is akin to a mortgage and, in some situations, can be treated as such requiring judicial foreclosure.  *Skendzel*, 261 Ind. at 240-42, 301 N.E.2d at 649-51.  However, this is only appropriate where the vendee has paid more than a minimal amount on the contract at the time of default. *Id.* at 240-41, 301 N.E.2d at 650.  Here, the Clinards have made no payments on the promissory note.

[15]  In any event, Clinard's allegation that the contract is a mortgage rather than an installment agreement does not raise a genuine issue of material fact. In its designation of evidence, Visio Financial produced the installment agreement, promissory note, and related deeds, all signed by the Clinards. Visio Financial also produced an affidavit stating the Clinards failed to make a single payment on the loan and Visio Financial was entitled to foreclose on the loan. Clinard did not designate any evidence to the contrary. Therefore, the trial court did not err in granting summary judgment in favor of Visio Financial.

[16]  Clinard also alleges Visio Financial violated numerous financial lending statutes. Specifically, Clinard argues Visio Financial failed to comply with Indiana Code section 24-9-4-1, section 24-9-4-3, section 24-9-4-7, section 24-9-3-7(c)(4), and section 32-29-1-3. Clinard's brief offers no analysis or argument demonstrating these statutes apply to the loan at issue and makes bald allegations with no supporting evidence. Accordingly, we find Clinard has failed to make a cogent argument and has therefore waived this issue on appeal. Ind. Appellate Rule 46(A)(8)(a).

[17]  Waiver notwithstanding, in regard to Clinard's argument concerning Indiana Code chapter 24-9-4, that chapter of the code applies to "high cost home loans." A "high cost home loan" is defined as "a home loan with a trigger rate that exceeds the benchmark rate; or "total points and fees that exceed" a certain percent of the loan principal. Ind. Code § 24-9-2-8(a). The term "home loan" does not include "a land contract." Ind. Code § 24-9-2-9(b). Therefore, these statutes do not apply. Finally, with respect to Indiana Code section 24-9-3-

7(c)(4), Clinard has offered nothing to support his allegation. That section provides that "[a] person may not . . . [e]ngage in, or solicit to engage in, a real estate transaction or a mortgage transaction without a permit or license required by law." Ind. Code § 24-9-3-7(c)(4). Other than stating Visio Financial "solicited and engaged in mortgage lending activities" in violation of law, Clinard does not allege what permit or license Visio Financial was required to have pursuant to the law or appropriately demonstrate that they did not have the proper license. Br. of Appellant at 12.[7]

# Conclusion

[18] The trial court did not abuse its discretion in denying Clinard's motion to strike or err in granting summary judgment in favor of Visio Financial. Accordingly, we affirm the judgment of the trial court.

[19] Affirmed.

Crone, J., and Bradford, J., concur.

---

[7] Clinard also argues the trial court abused its discretion in denying his sixth motion to dismiss. This motion, similar to his argument above, alleged Visio Financial sold the property in violation of Indiana Code section 32-29-1-3 and concludes that "a contract made in violation of statute is void." Br. of Appellant at 19 (citation omitted). Clinard's brief on this issue is two short paragraphs and again offers no analysis of the issue other than bald allegations. We find this issue is also waived. App. R. 46(A)(8)(a). Waiver notwithstanding, there is nothing in the record to support the argument the contract was made in violation of statute.